

FILED
SEP - 4 2019
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ARMANDO TAPIA-ESCOBAR<br>a/k/a "Jose Milthon Tapia-Escobar,"<br><br>Defendant. | Case No. 1:19-MJ-387 |

## AFFIDAVIT IN SUPPORT OF A
## CRIMINAL COMPLAINT AND ARREST WARRANT

I, Kurt Simard, being duly sworn, state the following:

1. I am a Deportation Officer with United States Immigration and Customs Enforcement, Enforcement and Removal Operations (ICE/ERO) in Fairfax, Virginia. I have been employed with ICE since August of 2011. I was previously employed as a Border Patrol Agent with United States Customs and Border Protection for three years. During that time, I have received specialized training and have conducted numerous investigations relating to administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code.

2. My duties as a Deportation Officer with ICE include investigating administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code and seeking, when applicable, prosecution and removal of violators. I have received training in general law enforcement, including training in Title 8 of the United States Code.

3. This affidavit is submitted in support of a criminal complaint and arrest warrant for Armando TAPIA-ESCOBAR (hereafter referred to as TAPIA-ESCOBAR), an alien who was

found in the United States after being denied admission, excluded, deported, or removed, or having departed the United States while an order of exclusion, deportation, or removal was outstanding, without having obtained the express consent of the Attorney General or the Secretary of the Homeland Security to reapply for admission, in violation of Title 8, United States Code, Section 1326(a).

4. The facts and information contained in this affidavit are based upon my training and experience, personal knowledge, and observations during the course of this investigation, as well as the observations of other agents involved in this investigation. This affidavit contains information necessary to support probable cause, and it is not intended to include each and every fact and matter observed by me or known to the government.

## SUMMARY OF FACTS TO SUPPORT PROBABLE CAUSE

5. On or around August 19, 2019, the ERO Washington Field Office Command Center, located in Lorton, Virginia, encountered TAPIA-ESCOBAR at the Arlington County Adult Detention Center (ACADC) after he was arrested and charged with state-law violations. The ACADC is located in Arlington, Virginia, which is in the Eastern District of Virginia. ERO Washington conducted record checks and ultimately lodged an immigration detainer against TAPIA-ESCOBAR on or around August 19, 2019.

6. On or around August 20, 2019, TAPIA-ESCOBAR entered ERO custody due to the above-mentioned immigration detainer. ERO Washington obtained TAPIA-ESCOBAR's fingerprints at that time and processed those fingerprints through ICE indices containing fingerprint records of known and previously deported aliens. This system is also integrated with the criminal records maintained by the FBI and is commonly referred to as Next Generation

Identification (NGI). The result of this query showed positive matches to TAPIA-ESCOBAR and his Universal Control Number (UCN).

7. On or around August 22, 2019, I reviewed documents from TAPIA-ESCOBAR's alien file (commonly referred to as an "A file") that is maintained by United States Citizenship and Immigration Services. The A file contained one fully executed Immigration Service Form I-296, Notice to Alien Ordered Removed/Departure Verification, and one fully executed Immigration Service Form I-205, Warrants of Removal. Both forms bear the photograph, fingerprint, and signature of TAPIA-ESCOBAR and confirms that he was removed from the United States on June 20, 2001 at Los Angeles, California, and September 20, 2005 at Miami, Florida.

8. On or around August 22, 2019, I asked the FBI Special Processing Center to compare the fingerprints that ERO obtained from TAPIA-ESCOBAR on or around August 20, 2019 with the fingerprints on his I-296 and I-205 showing removal on June 20, 2001 and September 20, 2005 respectively. On August 22, 2019, the FBI successfully matched all submitted fingerprints to TAPIA-ESCOBAR and his UCN.

9. TAPIA-ESCOBAR's A file indicates that he does not have any immigration benefit, document, or status that would allow him to enter, be admitted, pass through, or reside in the United States legally and he has neither sought nor obtained permission from the Attorney General of the United States or the Secretary of Homeland Security to reenter the United States following his formal removals.

## CONCLUSION

10. Based the foregoing, I submit there is probable cause to believe that on or about August 19, 2019, in Arlington County, Virginia, within the Eastern District of Virginia, the

defendant, Armando TAPIA-ESCOBAR, having been removed from the United States on or about June 20, 2001 and September 20, 2005, was found in the United States without having obtained the express consent of the Attorney General or the Secretary of the Homeland Security to reapply for admission to the United States, in violation of Title 8, United States Code, Section 1326(a).

_____
Kurt Simard
Deportation Officer
United States Immigration and Customs Enforcement

Sworn to and subscribed before me
This 4th day of September 2019.

_____/s/_____
Ivan D. Davis
United States Magistrate Judge